IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC J. FULGHAM, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) )  No. 08 C 521 |
| Sgt. CHESTER SMITH (#301), OFFICER JASON GOODWIN, OFFICER TYLER BURGESS, ROB BUCK, Chief of Police of City of Rochelle, CITY OF ROCHELLE, ILLINOIS, | ) )  Judge Joan B. Gottschall ) )  Magistrate Judge Maria Valdez ) ) ) |
|     Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER**

In his multi-count complaint, plaintiff, Eric Fulgham, alleges that he was arrested without probable cause in the City of Rochelle, Illinois, by Rochelle Police. All of the individually named defendants are Rochelle police officers. The Court may take judicial notice of the fact that Rochelle is in Ogle County, Illinois.

Fulgham also names witnesses in his complaint including his ex-wife, daughter and his ex-wife's boyfriend, all of whom are alleged to reside in Rochelle. Fulgham makes reference to a domestic order of protection which was issued in his divorce proceedings before the Circuit Court for the 15th Judicial Circuit, Ogle County, Illinois.

Indeed, the only witness other than plaintiff who is not alleged to live in Rochelle is plaintiff's girlfriend. Her residency is not alleged, but the events she is alleged to have witnessed occurred in Rochelle. It appears that the only reason that this matter has been filed in the Eastern Division is because that is where plaintiff resides.

**Legal Standard**

In the interests of justice and judicial economy, as well as for the convenience of the parties, this court should transfer this matter to the U.S. District Court for the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1404(a). *Roberts & Schaefer Co. v. Merit Contracting, Inc.,* 99 F.3d 248, 254 (7th Cir. 1996) (In considering whether to transfer venue, the court should consider the plaintiff's choice of forum, the convenience of the parties and the witnesses, as well as the interest of justice.); *Chicago, Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (When none of the conduct complained of occurred in the plaintiff's selected forum, the plaintiff's choice of forum is of minimal value.).

Where venue is proper in either forum, as is the case here, the Court need only consider the convenience of the parties and witnesses and the interests of justice. *St. Paul Fire and Marine Insurance Co. v. Brother International Corporation*, 2006 WL 1543275 *1 (N.D.Ill. 2006).

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a)

**Convenience of the Parties**

When considering the first factor under the statute – the convenience of the parties and witnesses – the court should consider: 1) the plaintiff's choice of forum; 2) the situs of material events; 3) the relative ease of access to sources of proof; 4) the convenience of the witnesses; and 5) the convenience to the parties of litigating in the respective forums. *North Shore Gas Co. v. Salomon, Inc.*, 896 F.Supp. 786, 791 (N.D. Ill. 1995). It should also be noted that while a plaintiff's choice of venue is usually given great weight, where plaintiff's chosen forum is not the situs of the

material events, plaintiff's choice is given no more consideration than any other factor. *Robinson v. Town of Madison*, 752 F.Supp. 842, 847 (N.D. Ill. 1990).

In the instant action, the convenience of the parties and witnesses weighs in favor of transfer. As a first matter, the entire incident, as alleged in plaintiff's complaint, occurred in Ogle County, which is adjacent to and just south of Winnebago County, Rockford, Illinois, where the Western Division of this Court sits.

It is alleged that an Ogle County court issued a domestic order of protection which Rochelle police mistakenly interpreted, leading to Fulgham's wrongful arrest. The state court records and the ex-wife and child who are the protected persons under the order are in Ogle County. The police records and all of the defendants are in Ogle County. All of the events, including prior contacts leading up to the arrest and the arrest itself, are alleged to have occurred in Rochelle, Ogle County, Illinois.

**The Interests of Justice**

To begin, the interests of justice are given less weight in an intradistrict transfer. This is because either division has the same power to subpoena unwilling witnesses and will face the same problems and issues regarding application of state law and familiarity with governing law. *See Monfardini v. Quinlan*, 2002 WL 1264005 *1 (N.D.Ill. 2002).

Nonetheless, this factor "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *TIG Ins., Inc. v. Brightly Galvanized Products, Inc.*, 911 F.Supp. 344, 346 (N.D. Ill. 1996). It includes considerations such as the speed in which the case will get to trial and the public interest in having the matter resolved in a particular forum. *Coffey*, 796 F.2d at 221. Courts have held that the administration of justice is facilitated when the

litigation occurs in the forum that is "closer to the action." *Paul v. Lands' End, Inc.*, 742 F.Supp. 512, 514 (N.D. Ill. 1990).

The Western Division is "closer to the action." It would also seem logical that the Western District would be the forum where the public would have a stronger interest in seeing the case resolved. Jurors living in the Western Division would presumably have a stronger interest in administering justice on behalf of those in the Western Division who have allegedly had their civil rights trampled by the Rochelle Police Department.

**Conclusion**

While the Eastern Division is plaintiff's chosen forum, this fact will not defeat a well founded motion to transfer. *Applied Web Systems, Inc. v. Catalytic Combustion Corp.*, 1991 WL 70893, at *3 (N.D. Ill 1991). Moreover, as noted previously, where the situs of the occurrence in question is not located in the same division as the plaintiff, the plaintiff's choice of forum is weighted equally with the other relevant factors. Here, not one other factor supports leaving this case in the Eastern Division of the Northern District of Illinois.

    /s/ Stephen E. Balogh
Stephen E. Balogh
Attorney for defendants,
SGT. CHESTER SMITH, OFFICER JASON GOODWIN, OFFICER TYLER BURGESS, CHIEF ROB BUCK & CITY OF ROCHELLE, ILLINOIS
WilliamsMcCarthy LLP
120 W. State St., Suite 400
P.O. Box 219
Rockford, IL  61105-0219
Telephone:  (815) 987-8946
Facsimile:  (815) 968-0019
E-mail:  sbalogh@wilmac.com

**CERTIFICATE OF LAWYER**

The undersigned hereby certifies that on February 12, 2008, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Attorney Uche O. Nwakudu
> 1301 W. 22nd Street, Suite 108
> Oak Brook, IL  60523

>         /s/  Stephen E. Balogh
> Stephen E. Balogh
> Attorney for defendants,
> Sgt. Chester Smith, Officer jason Goodwin, Officer Tyler Burgess, Chief Rob Buck & City of Rochelle, Illinois, Defendants
> WilliamsMcCarthy LLP
> 120 W. State St., Suite 400
> P.O. Box 219
> Rockford, IL  61105-0219
> Telephone:  (815) 987-8946
> Facsimile:  (815) 968-0019
> E-mail:  sbalogh@wilmac.com